IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRACEY GODFREY,<br><br>    Petitioner,<br><br>vs.<br><br>JEFFREY H. LANGTON,<br><br>    Respondent. | Cause No. CV 18-178-M-DLC-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

  This case comes before the Court on Tracey R. Godfrey's "Void Judgment Claim." (Doc. 1.) Godfrey seeks relief under Rule 60(b)(4) of the Montana Rules of Civil Procedure, and presumably Rule 60(b) of the Federal Rules of Civil Procedure. *Id*.

  In 2000, following a jury trial, Godfrey was sentenced in Montana's Twenty-First Judicial District, Ravalli County, to 30-years for Sexual Assault and to an additional 10-year consecutive sentence for his designation as a persistent felony offender (PFO). Godfrey petitioned the Montana Sentence Review Division, and his Sexual Assault conviction was increased to 60-years with 30 of those years suspended. In 2013, Godfrey challenged the validity of his sentence in the Montana Supreme Court, specifically the imposition of two separate sentences

1

for the underlying assault conviction and the PFO designation. Godfrey was granted relief, and the Court remanded the matter to the state district court for imposition of one sentence, rather than the two separate sentences. Upon resentencing, Godfrey received a 60-year sentence with 30-years suspended as a PFO and no sentence for the sexual assault conviction. See e.g., *State v. Godfrey*, DA 17-0220, Or. at 1 (Mont. May 30, 2017).[1]

## I.  Motion to Proceed In Forma Pauperis

Godfrey moves to proceed in forma pauperis. (Doc. 2.) Because there is no need to delay this matter further, the motion will be granted.

## II.  Rule 60(b) motion

As a preliminary manner, the Court is familiar with Mr. Godfrey as he has filed seven prior actions challenging his underlying state criminal conviction and sentence in this Court.[2] "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

---

[1] All state court briefing and orders available at: https://supremecourtdocket.mt.gov/ (accessed October 15, 2018).

[2] See: *Godfrey v. Mahoney*, CV 09-35-M-DWM-JCL (D. Mont. judgment entered Jan. 8, 2010); *Godfrey v. Kirkegard*, CV 14-27-M-DLC-JCL (D. Mont. judgment entered May 2, 2014); *Godfrey v. Kirkegard*, CV 14-164-M-DLC-JCL (D. Mont. judgment entered June 12, 2014); *Godfrey v. Kirkegard*, CV 14-190-M-DLC (D. Mont. judgment entered June 20, 2014); *Godfrey v. Montana*, CV 16-04-M-DLC-JCL (D. Mont. judgment entered Jan. 19, 2016); *Godfrey v. State of Montana*, CV-17-81-M-DLC-JCL (D. Mont. judgment entered Aug. 30, 2017); *Godfrey v. U.S. District Court*, CV-17-131-M-DLC-JCL (D. Mont. judgment entered Nov. 16, 2017).

application." 28 U.S.C. § 2244(b)(3)(A). Godfrey has been repeatedly advised of this provision and that this Court cannot consider a successive habeas petition unless and until he receives leave from the Ninth Circuit Court of Appeals to do so. See e.g., *Godfrey v. Kirkegard*, CV-14-164-M (D. Mont. June 12, 2014); *Godfrey v. Kirkegard*, CV-14-190-M-DLC (D. Mont. June 20, 2014); and, *Godfrey v. State*, CV-17-81-M-DLC-JCL (D. Mont. Aug. 30, 2017).

"Habeas corpus petitions cannot utilize a Rule 60(b) motion to make an end-run around the requirements of AEDPA or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions." *Jones v. Ryan*, 733 F. 3d 825, 833 (9th Cir. 2013). Motions properly brought under Rule 60(b) generally attack the integrity of the federal habeas proceedings, while motions that present "claims…constitut[ing], in effect, new requests for relief on the merits" are viewed as disguised second or successive habeas corpus petitions. *Id*. at 834; see also *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

Here, Godfrey does not challenge the integrity of any of the prior proceedings before this Court. Rather, he argues the state courts erred in imposing a "second sentence for the same statutory offense." (Doc. 1.) This argument is a variation of prior claims Godfrey has attempted to advance before this Court. He cannot use Rule 60 to make yet another attempt at re-adjudication of the merits of his claim. Godfrey's attempt falls squarely within the realm of second or

successive habeas corpus petitions. See *Jones*, 733 F. 3d at 836 ("[Petitioner] is in essence arguing that he deserves a second chance to have the merits determined favorably in the context of a second or successive 28 U.S.C. § 2254 habeas corpus petition.").

Godfrey's present filing constitutes a disguised second or successive habeas petition. As Godfrey is already aware, until he obtains leave under 28 U.S.C. § 2244(b)(3)(A), this Court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 149 (2007)(per curiam).

### III.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at

this time.

Based upon the foregoing, the Court enters the following:

## ORDER

1. Mr. Godfrey's Motion to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**.

## RECOMMENDATION

1. Mr. Godfrey's Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Godfrey may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Godfrey must immediately notify the Court of any change in his mailing</u>

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Godfrey is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 16th day of October, 2018.

                                                        */s/ Jeremiah C. Lynch*
                                                        Jeremiah C. Lynch
                                                        United States Magistrate Judge