IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED

JAN 0 2 2019

Clerk, U.S. District Court
District Of Montana
Missoula

TRACEY GODFREY,

               Petitioner,

   vs.

JEFFREY H. LANGTON,

               Respondent.

CV 18–178–M–DLC–JCL

ORDER

United States Magistrate Judge Jeremiah C. Lynch issued his Order and

Findings and Recommendations in this case on October 16, 2018, recommending

that the Court dismiss Godfrey's "Void Judgment Claim," (Doc. 1), brought

pursuant to 28 U.S.C. § 2254. (Doc. 3.) Godfrey timely filed objections to the

Findings and Recommendations. (Doc. 4.) Consequently, Godfrey is entitled to

de novo review of those findings and recommendations to which he has

specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court

reviews findings and recommendations for clear error. *United States v. Reyna-*

*Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S.

140, 149 (1985). Clear error exists if the Court is left with a "definite and firm

-1-

conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge Lynch determined that Godfrey's "Void Judgment Claim" is in actuality "a second or successive application" for a writ of habeas corpus and that the Court accordingly lacks jurisdiction to hear Godfrey's claim. 28 U.S.C. § 2244(b)(3). Godfrey objects, arguing that the statute barring consideration of his claim is an unconstitutional suspension of the writ of habeas corpus.[1] (Doc. 4.) Reviewing de novo, the Court overrules Godfrey's objections. The Court is firmly bound by the Supreme Court's holding that "restrictions . . . place[d] on second habeas petitions . . . do not amount to a 'suspension' of the writ [of habeas corpus]." *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

The Court also determines that Godfrey is not entitled to a certificate of appealability. There is no reasonable debate regarding the Court's jurisdiction over Godfrey's second or successive petition. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Reviewing the remaining portions of Judge Lynch's Findings and Recommendations for clear error and finding none,

---

[1] Godfrey cites solely to the Montana Constitution. Because the Court can consider only questions of federal law, *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), it construes his objections liberally, considering the validity of his objection under the United States Constitution.

IT IS ORDERED:

(1) Judge Lynch's Findings and Recommendations (Doc. 4) are ADOPTED;

(2) Godfrey's Petition (Doc. 1) is DISMISSED for lack of jurisdiction;

(3) A certificate of appealability is DENIED; and

(4) The Clerk of Court shall enter judgment of dismissal by separate

document.

DATED this 2nd day of January, 2019.

Dana L. Christensen, Chief Judge
United States District Court